LABORDE, Judge.
Plaintiff, American Security Bank of Ville Platte (American Security Bank), sued defendant, Farmers Drier & Storage Co., Inc. (Farmers Drier), alleging that Farmers Drier sold crops pledged to the bank by a farmer named Richard Brunet, and wrongfully retained the proceeds. American Security Bank later amended its petition to name Bunge Corporation (Bunge) as an additional defendant, alleging that Farmers Drier sold Brunet’s crops to Bunge and that Bunge also wrongfully converted the *1347 proceeds from the sale of the crops. Bunge then filed a cross claim against Farmers Drier seeking indemnification for any judgment against Bunge. Both Farmers Drier and Bunge subsequently filed motions for summary judgment, asserting that the crop pledge of American Security Bank was not properly recorded and, therefore, did not give sufficient notice to be effective against third parties. The trial court granted both motions. American Security Bank now appeals. We affirm the trial court’s decision granting summary judgment to Bunge. However, we reverse the judgment of the trial court awarding summary judgment in favor of Farmers Drier.
FACTS
On March 14, 1984, American Security Bank loaned money to Joseph Richard Brunet who executed a pledge of his 1984 crops as security for the loan. Thé crop pledge was executed in the name of Richard Brunet and thus, did not indicate the pledgor’s Christian name. Farmers Drier, a grain and storage company, apparently acted as Brunet’s agent in selling his crops. Its general manager, James Carroll Ardoin, was aware of Brunet’s crop pledge to American Security Bank. Nevertheless, Farmers Drier sold the crops to Bunge, without disclosing to Bunge that Brunet owned the crops or that the crops were pledged to American Security Bank. Farmers Drier kept the money it was paid by Bunge in order to liquidate a debt of Richard Brunet to Farmers Drier.[1] When American Security Bank failed to receive payments from the crops that were sold, it filed suit and obtained a judgment against Richard Brunet. American Security Bank then brought this suit for trover and conversion against defendants, Bunge, and Farmers Drier.
THE EVANGELINE BANK CASE
The trial court granted defendants’ motions for summary judgment based on this court’s holding in Evangeline Bank and Trust Co. v. Deville, 367 So.2d 1252 (La.App. 3d Cir.1979). That case involved a crop pledge given to Evangeline Bank & Trust Company in the name of Boward Deville. In fact, the pledgor’s full name was Frank Boward Deville. At issue in Evangeline Bank was whether there existed a properly recorded crop pledge so as to give sufficient notice to third parties.[2] The purchaser of the crop, Trappey’s, knew the grower only as Frank Deville. Trappey’s did not request a certificate from the Clerk of Court’s office to determine if Frank Boward Deville had any crop pledges recorded in his name. Furthermore, Trap-pey’s did not question Deville about his financial obligations regarding the crops. Nevertheless, this court concluded that Trappey’s failure to check the records, or to directly inquire of Deville whether there was a crop pledge affecting the purchased crop, was immaterial. The Evangeline Bank court held “that the crop pledge in question was not properly recorded, and, under the circumstances, B.F. Trappey’s Son, Inc. was not given sufficient notice of the existence of the privilege and pledge of the Deville crop.” Id. at 1255.
ISSUE ON APPEAL
At issue on appeal is the correctness of the trial court’s granting of defendants’ motion for summary judgment based on this court’s holding in Evangeline Bank. Firstly, we note that a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrog *1348 atories, admissions on file, together with supporting affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. In the instant case, the record clearly demonstrates that Bunge had no actual knowledge it was purchasing crops that belonged to Brunet. In fact, American Security Bank admits in its brief that Bunge did not have actual notice of the crop pledge.[3] Furthermore, the crop pledge at issue in this suit was not recorded in the full and complete name of the pledgor, Joseph Richard Brunet. Under Evangeline Bank, Bunge was not afforded sufficient constructive notice of the improperly recorded pledge and the pledge is not effective as to Bunge. Therefore, American Security Bank cannot recover against Bunge for conversion of the proceeds of the crops. Thus, we hold that the trial court’s grant of summary judgment as to Bunge was proper.[4]
As to the trial court’s grant of summary judgment to Farmers Drier, we conclude that it should not have been granted on the basis of Evangeline Bank. That case is clearly distinguishable from the instant case as its facts apply to Farmers Drier. In Evangeline Bank, the central question was whether Trappey’s, the crop purchaser, had constructive notice of the privilege and pledge of the crop. It did not address the issue of the liability of Deville, the crop owner and seller, as Deville’s debt to the Bank was discharged in bankruptcy, thus eliminating him from the case.
In the case sub judice, Joseph Richard Brunet did not sell his crops and is not before this court. Rather, Farmers Drier, apparently acting as Brunet’s agent, sold his crops. Accordingly, when it did not receive payments from the crops that were sold, American Security Bank brought this suit for trover and conversion. Clearly, Farmers Drier’s sale of the crops in spite of Brunet’s pledge does not place it in the position of a good faith purchaser protected by the constructive notice rule of Evangeline Bank. Furthermore, even assuming that Farmers Drier had some contractual authority to sell the crop or had some lien rights over it, we refuse to accord Farmers Drier the same status as a purchaser protected by the Evangeline Bank rule. Thus, we conclude that Evangeline Bank may not be extended to a party, like Farmers Drier, which simply appropriates or sells the crop as it sees fit.
For the foregoing reasons, we hold that the trial court properly granted defendant, Bunge’s, motion for summary judgment on the basis of Evangeline Bank and affirm that portion of its judgment. However, we hold that the trial court erroneously granted defendant, Farmers Drier’s, motion for summary judgment. We thus reverse that portion of the trial court’s judgment and remand for further proceedings. Costs of this appeal are to be shared equally by Farmers Drier and American Security Bank.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
GUIDRY, J., concurs in the result.
KING, J., dissents and assigns written reasons.

. It has apparently placed the disputed funds in a special account pending the outcome of this suit.

. With reference to the statutory crop pledge provided by LSA-R.S. 9:4341, this court in City Bank and Trust Company v. Marksville Elevator Company, 221 So.2d 853, 855 (La.App. 3d Cir.), writ ref'd, 254 La. 468, 223 So.2d 872 (1969), held that:
"When properly recorded, a crop pledge is effective against third persons, so that the immediate purchaser of a crop subject to it buys with constructive notice of the pledge and is personally liable to the crop pledgee, at least up to the value of the crop purchased by him.”

. We note that the brief filed by American Security Bank focuses almost exclusively on the correctness of the trial court’s granting of summary judgment to Farmers Drier.

. American Security Bank asserts that LSA-R.S. 9:2728, enacted by our Legislature in 1987, is applicable to the instant case. This statute provides in pertinent part:
"A. A conventional or collateral mortgage shall not be deemed inferior and subordinate to another security device solely by reason of:
(1) Its inclusion of, or failure to contain, the middle name or initial of the mortgagor; or
(2) The use of any reasonable variation of the mortgagor’s name, including but not limited to initials or abbreviations for the mortgagor’s given names.”
We note that this statute makes no mention of crop pledges. Since we find that Bunge did not have sufficient constructive notice of the pledge, we decline to address the issue of whether the statute would eliminate the need for including the Christian name for proper recordation of a crop pledge under different factual circumstances.